1763.

RUDDOCK
*v.*
GORDON.

---

❖

---

## Gardiner *verf.* Purrington.

THIS is an A&ion of Trover brought to the Inferiour Court in *Suffolk* for a Quantity of Timber cut in the County of *Cumberland.*

The

GARDINER
*v.*
PURRINGTON.

Rec. 1763.
Fol. 22.

In Trover for Trees, the Plaintiffs' Title to Land in another County, on which they were cut, cannot be given in Evidence where the A&ion might have been brought in that County.

---

1763.

GARDINER
*v.*
PURRINGTON.

The Queſtion was, whether the *Title* of Land can be given in Evidence in Trover in *another* County than where the Land lies.

1 Bacon, 35; 1 Salk. 290, *Brown* vs. *Hedges*; Mod. Caſes, 322, *Walrond* vs. *Van Moſes*, (1) were cited in Favour of the Action; and it was ſaid by the Council on this Side, that the giving Title under this Action did not bar or affect an Action of Ejectment brought in the County where the Land lies.

*Gridley.* There is no ſpecial Pleading in Trover, except a Releaſe, which admits the Converſion. The Title is often given in Treſpaſs where the Poſſeſſion is not clear, 'tis what the Law calls incidental; yet 'tis neceſſary in Treſpaſs; juſt ſo in Trover. The Man cuts down the Timber—I may bring Treſpaſs; ſo I may Trover. The Timber is mine after it is cut down; the Tort never ſhall give him Property. It is mine in the Timber as it is mine in the Tree, and I may bring my Action: Now how can I prove my Property, unleſs I can give my Title in Evidence? When the Poſſeſſion ſeems mutual, it can never be determined, and though my own, (the Thing may be,) if I may not be admitted, I may never recover my own. In the Admiralty, many Things that are not naturally within its Juriſdiction may be tried there. Difference between an Inconvenience and a Miſchief— whenever the Law has once conſidered of this, it vaniſhes;

---

(1) *Anon.*, cited in *Walrond* v. *Van Moſes*, 8 Mod. 322.

vaniſhes; in determining what is an Inconvenience, the Law is ſettled.

*Juſt. Ruſſell.* Whether this Caſe is not different from the Caſe of      Mod. Caſes, (2) where it was admitted for the Inconvenience, and is it not the ſame in Effect as if the Title was determined?

*Ch. Juſt.* Whether it will not operate againſt another Rule of Law about Titles of Land coming in Queſtion in another County?

*Auchmuty.* The Title is not determined.

*Ch. Juſt.* As my Brother Ruſſell obſerves, is it not the ſame Thing? It is not whether Trover is a tranſitory Action, (3) but whether that which is of the Nature of a real one ſhall be given in Evidence.

*Mr. Gridley* cites Styles, 331.

*Mr.*

---

(2) The caſe cited in *Walrond* v. *Van Moſes, ub. ſup.,* is as follows: " *Nota.* At the trial of this cauſe a caſe was cited that trover lay in England for timber taken away and converted in Ireland; and this was by the opinion of the late Chief Juſtice Holt, though it was objected that it might bring the title of lands in Ireland in queſtion, which could not be tried here; but he anſwered that as trover was a tranſitory action it might be brought here for a converſion in Ireland; nor ſhall any incident queſtion which may ariſe on the ſame bar the plaintiff of ſuch action; for if it ſhould, then a perſon being in England can have no remedy here when the defendant is guilty of a trover in Ireland, and comes from thence into this kingdom."

(3) Trover for cutting down trees is a tranſitory action. Steph. Niſi Prius, 2695. *Brown* v. *Hedges, ub. ſup.* So alſo an action of treſpaſs *de bonis aſportatis* for burning down a ſmall houſe erected for a temporary purpoſe, and without a cellar. 15 Pick. 156.

1763.

GARDINER
*v.*
PURRINGTON.

*Mr. Kent.* 1 Bacon, 32. Mod. Cafes, . A perfonal Action may grow into a real one as here. 1 Lilly, 20.

*The Court* were of Opinion that the Cafes cited in Favour of this Evidence refpected only Cafes of Neceffity, and where they could not be tried in the fame County, which not being the Cafe here, they determined that in this Cafe it could not be admitted. (4)

————————————

(4) Actions, perfonal in form, which involve or bring in iffue the title to land, have been held to become thereby real, within the meaning of the ftatutes concerning cofts and the jurifdiction of juftices of the peace. 4 Pick. 169. 10 Pick. 473. But the point here decided appears to be, not that the action becomes local, but that the title to real eftate in another county fhall not incidentally be given in evidence to fupport a tranfitory action which might have been brought in that county. This feems a difficult pofition to fupport, as the title to the land is only offered as a means of proving a right to poffeffion of the trees when converted, on which latter point alone is the judgment conclufive.